## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CRESCENT HARDWOOD SUPPLY, INC., | § § § | |
| *Plaintiff*, | § § | Civil Action No. 17-455 |
| v. | § § | Judge |
| KARNDEAN INTERNATIONAL, LLC, | § § | Magistrate Judge |
| *Defendant*. | § § § | |

---

## COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK UNENFORCEABILITY AND NON-INFRINGEMENT

---

NOW INTO COURT, through undersigned counsel, comes Plaintiff Crescent Hardwood Supply, Inc. (hereinafter "Crescent Harwood Supply"), which hereby presents this Complaint for Declaratory Judgment of Trademark Unenforceability and Non-Infringement against Defendant Karndean International, LLC (hereinafter "Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1.     This Civil Action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, and also Rule 57 of the Federal Rules of Civil Procedure, seeking a declaration of trademark non-infringement and unenforceability under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, to enable Crescent Hardwood Supply to continue its lawful activities of developing and marketing its flooring products sans Defendant's nuisance, opposition, and overly broad challenges, which intend to wrongfully restrain and restrict Crescent Hardwood Supply's competition of goods under non-infringing marks, and a permanent injunction in remedy thereof.

## THE PARTIES

2.      Crescent Hardwood Supply is a privately held corporation organized and existing under the laws of the State of Louisiana, with its principal place of business in Harahan, Louisiana, and is managed by co-directors John B. Troendle and Lisa M. Troendle, individuals residing in the State of Louisiana.  Crescent Hardwood Supply is in the business of developing, manufacturing, marketing, and supplying flooring, including the development, manufacture, market, and supply of the flooring products found under the "CORELOCK" mark described herein, and is Plaintiff here.

3.      Defendant is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1100 Pontiac Court, Export, Pennsylvania 15632 and is also registered to do business in the State of Louisiana under Charter Number 35568138Q since 2003, and is made Defendant here.  Defendant may be served with process through its registered agent for service of process in Louisiana, National Registered Agents, Inc. at 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

## JURISDICTION

4.      This United States District Court may exercise original jurisdiction over the subject matter of this Civil Action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121, for claims asserted herein arising under and/or substantially related to the federal Lanham Act, 15 U.S.C. § 1051, *et seq*.

5.      This United States District Court may exercise original jurisdiction over the subject matter of this Civil Action based upon an actual controversy between the parties under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, for the relief requested herein of declaratory judgment with respect to the marks described herein.

6.      This United States District Court may exercise jurisdiction over Defendant on the ground that, *inter alia*, Defendant's contacts with the State of Louisiana are continuous and systematic so as to purposefully avail itself of the privilege of conducting business within the State of Louisiana, and particularly in this District.

7.      This United States District Court may exercise jurisdiction over Defendant on the ground that, *inter alia*, Defendant may be served with process in the State of Louisiana through its designated registered agent for service of process in the State of Louisiana, and particularly in this District.

8.      This United States District Court may exercise jurisdiction over Defendant on the ground that, *inter alia*, Defendant consented to the jurisdiction of the State of Louisiana by appointing a registered agent in the State of Louisiana to accept service of process therein, and particularly in this District.

9.      This United States District Court may exercise jurisdiction over Defendant on the ground that, *inter alia*, Defendant and/or its agents regularly conduct commerce in the State of Louisiana so as to purposefully avail itself of the privilege of conducting business within the State of Louisiana, and particularly in this District.

10.     This United States District Court may exercise jurisdiction over Defendant on the ground that, *inter alia*, Defendant and/or its agents purposefully directed its activities to the State of Louisiana and its residents, and particularly its trademark enforcement activities, including the mailing of a litigious demand letter to Crescent Hardwood Supply, aiming to alter the rights of Crescent Hardwood Supply by containing accusations of trademark infringement, and demands in remedy thereof, presumably in connection with distribution agreements with its several nationwide

retailers, including retailers within the State of Louisiana, so as to purposefully avail itself of the privilege of conducting business within the State of Louisiana, and particularly in this District.

11.     This United States District Court may exercise jurisdiction over Defendant on the ground that, *inter alia*, Defendant's conduct as alleged herein occurred and continues to occur in the State of Louisiana, and particularly in this District.

12.     This United States District Court may exercise jurisdiction over Defendant on the ground that, *inter alia*, Defendant's conduct alleged herein caused and continues to cause injury to Crescent Hardwood Supply in the State of Louisiana, and particularly in this District.

13.     This United States District Court may exercise jurisdiction over Defendant on the ground that, *inter alia*, Defendant purposefully availed itself of the privilege of conducting business in the State of Louisiana, and intends to derive revenue and value from its conduct described herein and expects its actions to be of consequence in this State and District.

## VENUE

14.     Venue is proper in this District, the Middle District of Louisiana, under 28 U.S.C. §§ 1391(b) and 1391(c) on the grounds that, *inter alia*, Defendant is subject to personal jurisdiction in this State and District.

## CASE AND CONTROVERSY

### Crescent Hardwood Supply's CORELOCK

15.     Crescent Hardwood Supply develops, manufactures, markets, and supplies flooring products, including the development, manufacture, market, and supply of flooring products currently found under its "CORELOCK" mark (hereinafter "CORELOCK Products").

16.     Crescent Hardwood Supply began the development of its CORELOCK Products as early as November of 2015.

17.     Crescent Hardwood Supply's CORELOCK Products were conceptualized and designed after a series of meetings and extensive review with various business associates over the course of several months, thereby resulting in the CORELOCK Products featuring both a waterproof core and a fold-down locking system.

18.     As early as January 31, 2016, the "CORELOCK" mark was used by Crescent Hardwood Supply in connection with the CORELOCK Products to communicate and reference these product's unique features, consisting in part of its waterproof core and fold-down locking system, during further development, manufacture, market, and supply thereof.

19.     Crescent Hardwood Supply's extensive development of the CORELOCK Products, since as early as November of 2015, represents a substantial investment into its "CORELOCK" mark.

20.     There is no question that Crescent Hardwood Supply is the senior user of the "CORELOCK" mark, particularly as applied to the CORELOCK Products.

21.     Crescent Hardwood Supply is accordingly the rightful owner of the common law standard character mark "CORELOCK" (hereinafter "CORELOCK Word Mark"), among others, and the goodwill associated therewith, wherefrom Crescent Hardwood Supply holds all accompanying right, including the right to use and to exploit in its use in connection with the development, manufacture, market, and supply of the CORELOCK Products.

Crescent Hardwood Supply's Application for Registration of the CORELOCK Word Mark

22.     Crescent Hardwood Supply's CORELOCK Products are developed, manufactured, marketed, and/or supplied to consumers throughout the United States, particularly within Louisiana, and internationally under the CORELOCK Word Mark.

23.     Common law trademark rights are only obtained by a trademark owner upon <u>use</u> of a distinguishing mark in commerce, while federal registrant rights under the Lanham Act are only issued to an owner upon <u>registration</u> pursuant to Section 1 of the Lanham Act, 15 U.S.C. § 1051.

24.     An applicant may file an application for registration under Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a), when the applicant <u>uses</u> the applied-for mark in a manner that fulfills the "use in commerce" requirements of the Lanham Act.

25.     Given Crescent Hardwood Supply's international use of the CORELOCK Word Mark, Crescent Hardwood Supply accordingly filed an application for federal trademark registration of the CORELOCK Word Mark under Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a), on June 28, 2016.  The application (hereinafter "CORELOCK Application") is currently pending in the United States Patent and Trademark Office under Serial No. 87/086,886.  A true and correct copy of this particular application is attached hereto as Exhibit "A."

26.     Crescent Hardwood Supply's CORELOCK Application seeks federal trademark registration of the CORELOCK Word Mark, as used in commerce, for the following goods in International Class 19:

> Flooring underlayment made of cork; Bamboo flooring; Building materials, namely, manufactured brick veneer for use on interior and exterior walls, floors and surfaces, patios, poolsides and driveways; Ceramic tiles for tile floors and coverings; Cork tiles and tiles of cork-based conglomerates being building materials for floors, walls and ceilings; Engineered hardwood flooring; Hard wood flooring; Hardwood flooring; Laminate flooring; Non-metal floor tiles; Non-metal floors; Parquet floor boards; Parquet flooring and parquet slabs; Parquet flooring made of cork; Parquet flooring made of wood; Parquet flooring of cork; Parquet flooring of cork and of cork-based conglomerates; Parquet flooring of wood; Rubber floor tiles; Rubber flooring; Synthetic flooring materials or wall-claddings; Tile flooring, not of metal; Veneer for floors; Vinyl flooring; Wood tile floors; Wooden floor boards; Wooden flooring.

*See* Ex. A.

27.     Crescent Hardwood Supply's CORELOCK Application also seeks federal trademark registration of the CORELOCK Word Mark, as used in commerce, for "Floor coverings; Floor coverings made of Laminate, Wood, Vinyl; Floor coverings of rubber and synthetic rubber" in International Class 27.  *See* Ex. A.

28.     Crescent Hardwood Supply's CORELOCK Application currently lists a date of first use at least as early as January 31, 2016 and first use in commerce at least as early as May 5, 2016.  A true and correct copy of the filing[1] listing these dates is attached hereto as Exhibit "B."

29.     Crescent Hardwood Supply never abandoned and does not intend to abandon the CORELOCK Work Mark, and as so, has continuously used the CORELOCK Word Mark in connection with the CORELOCK Products without interruption since at least as early as January 31, 2016.

30.     Crescent Hardwood Supply never abandoned and does not intend to abandon the CORELOCK Work Mark, and as so, has continuously used the CORELOCK Word Mark in commerce in connection with the CORELOCK Products without interruption since at least as early as May 5, 2016.

31.     Crescent Hardwood Supply's CORELOCK Application was determined to meet the minimum filing requirements and was accordingly assigned Serial No. 87/086,886.  The

---

[1] Crescent Hardwood Supply's CORELOCK Application originally listed a date of first use of the CORELOCK Word Mark in commerce as June 1, 2016.  The original date of first use in commerce was selected out of an abundance of caution, and was properly amended by Crescent Hardwood Supply upon discovery of a sales contract signifying that the date of first use of the CORELOCK Word Mark in commerce is at least as early as May 5, 2016, and upon discovery of first use of the CORELOCK Word Mark was at least as early as January 31, 2016.  Crescent Hardwood Supply's confirmation of these dates was duly submitted in a voluntary amendment of its CORELOCK Application, declaring under Trademark Rule 2.20, 37 C.F.R. § 2.20, the accurate dates of first use.

application was then forwarded to an Examining Attorney, per the regulations of the United States Patent and Trademark Office.

32.    Upon assignment in the United States Patent and Trademark Office, an Examining Attorney reviews an application to determine whether it complies with all applicable rules and statutes, and includes all required fees.  A complete review by an examining attorney includes a search for conflicting marks and an examination of the written application, the drawing, and any specimen.

33.    Crescent Hardwood Supply's CORELOCK Application was assigned to Examining Attorney William H. Dawe, III of Law Office 108 of the United States Patent and Trademark Office (hereinafter "Examiner Dawe").

34.    Examiner Dawe analyzed the CORELOCK Application to determine whether Crescent Hardwood Supply's use of the applied-for CORELOCK Word Mark was entitled to registration pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq*., per United States Patent and Trademark Office regulations.

35.    Examiner Dawe performed a search for any prior registrations and applications consisting of the term "CORELOCK" or similar terms, including terms incorporating "LOCK," "LOC," "LOK," and so forth.  A true and correct copy of Examiner Dawe's search, as confirmed in the United States Patent and Trademark Office records, is attached hereto as Exhibit "C."

36.    After Examiner Dawe's review of Crescent Hardwood Supply's CORELOCK Application, Examiner Dawe issued Office Action on October 5, 2016.  A true and correct copy of said Office Action is attached hereto as Exhibit "D."  The October 5, 2016 Office Action stated that "[t]he trademark examining attorney has searched the Office's database of registered and pending marks

and has <u>found no conflicting marks that would bar registration</u> [of the CORELOCK Word Mark] under Trademark Act Section 2(d)." Ex. D. (emphasis added).

37.     Examiner Dawe found the CORELOCK Word Mark was not likely to be confusingly similar to <u>any</u> prior-existing registration or application for registration.

38.     Examiner Dawe cited no prohibition of registration in relation to the validity of the CORELOCK Word Mark, as used in commerce, under the Lanham Act, 15 U.S.C. § 1051, *et seq.*

39.     Examiner Dawe found the CORELOCK Word Mark to be distinctive.

40.     Examiner Dawe cited one technical error in the formalities of the CORELOCK Application, refusing registration because the submitted specimen in International Classes 19 and 27 was found to be improper.  However, Crescent Hardwood Supply was afforded the opportunity to address said action by submitting a verified substitute specimen, thereby allowing the CORELOCK Application to proceed onward to publication.  *See* Ex. D.

41.     Crescent Hardwood Supply duly filed the required substitute specimen,[2] and the CORELOCK Application is currently pending in the United States Patent and Trademark Office, awaiting further review by the Trademark Office.

---

[2] Crescent Hardwood Supply unintentionally failed to respond to the October 5, 2016 Office Action, and a Notice of Abandonment was issued on May 3, 2017 by the United States Patent and Trademark Office regarding the CORELOCK Application.  A true and correct copy of said Notice of Abandonment is attached hereto as Exhibit "E."  The Notice of Abandonment confirmed that "[i]f the delay in filing a response was unintentional, [Crescent Hardwood Supply] may file a petition to revive the application with a fee. . . . [A] petition to revive or request for reinstatement must be received within two months from the mailing date of this notice."  Ex. E.  Crescent Hardwood Supply's appropriately and timely filed a Petition to Revive the CORELOCK Application on June 30, 2017, enclosing therewith the required verified substitute specimen and fee.  A true and correct copy of said petition is attached hereto as Exhibit "F."  The United States Patent and Trademark Office thereafter issued a Notice of Revival, a true and correct copy of same being attached hereto as Exhibit "G."

<u>Defendant's Intent-to-Use Application under Section 1(b) of the Lanham Act</u>

42.    Common law trademark rights are only obtained by a trademark owner upon <u>use</u> of a distinguishing mark in commerce, and federal registrant rights under the Lanham Act are only issued to an owner upon <u>registration</u>, pursuant to Section 1 of the Lanham Act, 15 U.S.C. § 1051.

43.    An applicant may file an application for registration under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), when the applicant merely has the <u>intent</u> to use an applied-for mark in commerce, but has not actually used the mark at the time of filing in a manner that fulfills the "use in commerce" requirements of the Lanham Act.  An applicant under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), is <u>not</u> granted a registration under the Lanham Act until actual use in commerce is properly alleged and the application is converted to a Section 1(a) "in-use" application.

44.    Only upon registration may the applicant that previously filed under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), claim "constructive use" (and thereby priority) as the date of the filing of the application per Section 7(c) of the Lanham Act, 15 U.S.C. § 1057(c).

45.    Section 7(c) of the Lanham Act, 15 U.S.C. § 1057(c), particularly confers nationwide priority to <u>registrants</u>, including those under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), "against any other person <u>except</u> for a person whose mark has not been abandoned and who, prior to [the date of the application's filing,] has used the mark."

46.    Under this framework, Defendant filed an intent-to-use trademark application under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), for registration of the "KORLOK" (standard character mark) for "[t]iles made of plastics, vinyl, or cork for fixing to existing floors; tiles made of linoleum for fixing to existing floors" and "[f]loor coverings; hard surface floor coverings; vinyl floor coverings; textile carpet tiles for fixing to existing floors" in International Classes 19 and 27,

respectively, on March 3, 2016.  The application remains pending in the United States Patent and Trademark Office under Serial 86/928,390.  A true and correct copy of this particular application is attached hereto as Exhibit "H."

47.     The United States Patent and Trademark Office published the application in the Official Gazette on September 6, 2016.  A true and correct copy of this particular publication is attached hereto as Exhibit "I."

48.     The United States Patent and Trademark Office issued a Notice of Allowance, dated November 1, 2016, signifying that the "KORLOK" mark is allowable for registration on the condition that an appropriate statement of use in connection with the identified goods in each class is timely filed and accepted by the United States Patent and Trademark Office.  A true and correct copy of said notice is attached hereto as Exhibit "J."

49.     The United States Patent and Trademark Office's notice to Defendant dictates that a "[Statement of Use] that meets all legal requirements <u>must</u> be filed <u>before a registration certificate can issue</u>."  Ex. J. (emphasis added).

50.     Defendant was given an alternative option to file a request for an extension to file the required Statement of Use "<u>if the applicant is not yet using the mark in commerce</u>."  *Id.* (emphasis added).

51.     Pursuant to the United States Patent and Trademark Office's Notice, Defendant filed a Request for Extension of Time to File a Statement of Use on April 26, 2017, specifically declaring its continued <u>intention</u> to use the "KORLOK" mark.  A true and correct copy of said request is attached hereto as Exhibit "K."

52.     The United States Patent and Trademark Office granted Defendant's request on April 28, 2017.  A true and correct copy of said notice is attached hereto as Exhibit "L."

53.     The United States Patent and Trademark Office's grant of Defendant's request also specifically instructs Defendant to file a Statement of Use or Amendment to Allege Use in order to "complete the registration process," Ex. L. (emphasis added), as expressly required by Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), which states "no mark shall be registered until the applicant has met the requirements of subsections (c) and (d) of this section."  Defendant may otherwise continue to file requests until a use in commerce is properly alleged pursuant to Section 1 of the Lanham Act, 15 U.S.C. § 1051, "or the [United States Patent and Trademark Office] will abandon the application." *Id*.

54.     Defendant has not filed a verified Statement of Use pursuant to Section 1(d) of the Lanham Act, 15 U.S.C. § 1051(d), to allege a date of first use of the "KORLOK" mark in commerce in connection with tiles made of plastics, vinyl, or cork for fixing to existing floors and tiles made of linoleum for fixing to existing floors.

55.     Defendant has not filed an Amendment to Allege Use pursuant to Section 1(c) of the Lanham Act, 15 U.S.C. § 1051(c), of the "KORLOK" mark in commerce in connection with tiles made of plastics, vinyl, or cork for fixing to existing floors and tiles made of linoleum for fixing to existing floors.

56.     Defendant has not filed a verified Statement of Use pursuant to Section 1(d) of the Lanham Act, 15 U.S.C. § 1051(d), to allege a date of first use of the "KORLOK" mark in commerce in connection with floor coverings, hard surface floor coverings, vinyl floor coverings, and textile carpet tiles for fixing to existing floors.

57.     Defendant has not filed an Amendment to Allege Use pursuant to Section 1(c) of the Lanham Act, 15 U.S.C. § 1051(c), of the "KORLOK" mark in commerce in connection with floor

coverings, hard surface floor coverings, vinyl floor coverings, and textile carpet tiles for fixing to existing floors.

58.     Defendant thereby has not completed the registration process under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), and the United States Patent and Trademark Office's regulations.

59.     Defendant is therefore not a registrant of any "KORLOK" mark under the Lanham Act, 15 U.S.C. 1051, *et seq.*

60.     Defendant's application under Serial No. 86/928,390 remains indefinitely pending under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b).

61.     Defendant's use of the unregistered "KORLOK" mark in commerce remains indefinitely absent.

62.     Defendant accordingly holds no rights to the unregistered "KORLOK" mark beyond the mere application under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), until a registration is issued by the United States Patent and Trademark Office conditioned upon an actual use in commerce.

63.     Defendant, lacking registration, cannot currently claim the date of its application's filing, March 3, 2016, as the date of constructive use (and thereby priority) of the unregistered "KORLOK" mark under Section 7(c) of the Lanham Act, 15 U.S.C. § 1057(c).

64.     Defendant further cannot claim priority over Crescent Hardwood Supply under Section 7(c) of the Lanham Act, 15 U.S.C. § 1057(c), as Crescent Hardwood Supply used its CORELOCK Word Mark prior to the date of the filing of Defendant's application, March 3, 2016.

Defendant's Lack of Common Law Rights to the Unregistered "KORLOK" Mark

65.     Trademark rights under common law are only obtained by a trademark owner upon use of a distinctive appropriate mark in commerce.

66.     Defendant's own prosecution in the Trademark Office signals that Defendant has not yet used the unregistered "KORLOK" mark in commerce in connection with tiles made of plastics, vinyl, or cork for fixing to existing floors and tiles made of linoleum for fixing to existing floors.

67.     Defendant therefore cannot claim any trademark rights to the unregistered "KORLOK" mark under common law in connection with tiles made of plastics, vinyl, or cork for fixing to existing floors and tiles made of linoleum for fixing to existing floors.

68.     Defendant's own prosecution in the Trademark Office signals that Defendant has not used the unregistered "KORLOK" mark in commerce in connection with floor coverings, hard surface floor coverings, vinyl floor coverings, and textile carpet tiles for fixing to existing floors.

69.     Defendant therefore cannot claim any trademark rights to the unregistered "KORLOK" mark under common law in connection with floor coverings, hard surface floor coverings, vinyl floor coverings, and textile carpet tiles for fixing to existing floors.

70.     Based upon information and belief, Defendant has not used the unregistered "KORLOK" mark in commerce in connection with any goods.

71.     Defendant therefore cannot claim any trademark rights to the unregistered "KORLOK" mark under common law in any regard.

72.     At this juncture, any use of the unregistered "KORLOK" mark by Defendant will certainly post-date Crescent Hardwood Supply's use of the CORELOCK Word Mark.

73.     Defendant cannot claim any trademark rights to the unregistered "KORLOK" mark under common law in priority over Crescent Hardwood Supply's CORELOCK Word Mark.

Defendant's K-Formative Marks

74.     Defendant is the registrant of United States Trademark Registration No. 4,350,273 on "K-TRADE" (standard character mark) for floor coverings in International Class 27 (hereinafter "K-TRADE Word Mark").

75.     Defendant is the registrant of United States Trademark Registration No. 4,449,970 on "KARNDEAN DESIGNFLOORING" (stylized and/or with design) for floor coverings in International Class 27 (hereinafter "KARNDEAN DESIGNFLOORING Design Mark").

76.     Defendant is the original registrant, assignor, and purportedly current licensee of United States Trademark Registration No. 2,382,097 on "KARNDEAN KNIGHT-TILE" (stylized and/or with design) for hard surface coverings for floors and vinyl floor coverings in International Class 27 (hereinafter "KARNDEAN KNIGHT-TILE Stylized Mark").

77.     Defendant was the registrant of United States Trademark Registration No. 2,299,282   on "KARNDEAN KOMBINATION" (stylized and/or with design) for hard surface coverings for floors and vinyl floor coverings in International Class 27 (hereinafter "KARNDEAN KOMBINATION Stylized Mark").

78.     Defendant is the applicant of an additional application for trademark registration under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), on "KALEIDOSCOPE" (standard character mark) for vinyl floor coverings and hard surface floor coverings in International Class 27 (hereinafter "KALEIDOSCOPE Word Mark").

79.     The registrations of the K-TRADE Word Mark, KARNDEAN DESIGNFLOORING Design Mark, KARNDEAN KNIGHT-TILE Stylized Mark and KARNDEAN KOMBINATION Stylized Mark and the application for registration of the KALEIDOSCOPE Word Mark are

hereinafter referred to collectively as Defendant's "K-Formative Marks." True and correct copies of the certificates of Defendant's K-Formative Marks are attached hereto as Exhibit "M."

Defendant's Demands

80.     Notwithstanding Crescent Hardwood Supply's established rights in the CORELOCK Word Mark, Crescent Hardwood Supply received a letter regarding "Infringement of Korlok trademark held by Karndean International, LLC." The letter, dated May 4, 2017 (hereinafter "Demand Letter"), was sent from counsel of Defendant and challenged Crescent Hardwood Supply's CORELOCK Application for registration of the CORELOCK Word Mark, and further contended that Crescent Hardwood Supply's CORELOCK Word Mark, and the use thereof, are infringing Defendant's "KORLOK" mark. A true and correct copy of the Demand Letter is attached hereto as Exhibit "N."

81.     Defendant alleges in its Demand Letter that it "is the holder of the registered trademark Korlok™ (Serial No. 86928390), which is trademarked under U.S. Patent and Trademark Office . . . classifications for vinyl flooring tiles and floor coverings, among others." *See* Ex. N. (emphasis added).

82.     Defendant's Demand Letter broadly alleges rights to prohibit the use and application for federal trademark registration of the term "CORELOCK" in connection with vinyl flooring and floor coverings, among other items, predicated merely on Defendant's application under Serial No. 86/928,390.

83.     Defendant's Demand Letter provides no factual description of its actual trademark rights under federal law, besides falsely claiming to be a holder of a "registered" trademark.

84.     Defendant's Demand Letter provides no factual description of its actual trademark rights under common law.

85.     Defendant's Demand Letter broadly alleges an alleged infringement of Defendant's unregistered "KORLOK" mark and a prohibition of Crescent Hardwood Supply's use of and application for federal trademark registration of the CORELOCK Word Mark, predicated on the allegation that the CORELOCK Word Mark is confusingly similar to the Defendant's unregistered "KORLOK" mark, as pending under Serial No. 86/928,390.

86.     Defendant's Demand Letter provides no factual description as to how Crescent Hardwood Supply's CORELOCK Word Mark is legally "confusingly similar," as defined by the United States Patent and Trademark Office, Trademark Trial and Appeal Board, and federal courts, to Defendant's unregistered "KORLOK" mark, as pending under Serial No. 86/928,390.

87.     Defendant's Demand Letter demanded Crescent Hardwood Supply immediately abandon the CORELOCK Application.

88.     Defendant's Demand Letter provided no legal basis under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, to suggest and enforce such a demand.

89.     Defendant's Demand Letter demanded Crescent Hardwood Supply immediately cease, desist, and abandon any use of the CORELOCK Word Mark in connection with the manufacture and sale of flooring products.

90.     Defendant's Demand Letter provided no legal basis under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, to suggest and enforce such a demand.

91.     Defendant's Demand Letter provided no legal basis under any state law to request and enforce such a demand.

92.     Defendant's Demand Letter provided no legal basis under common law to request and enforce such a demand.

93.     Defendant's Demand Letter nonetheless demanded Crescent Hardwood Supply confirm the acceptance and compliance with said demands.

94.     Defendant is engaging in extra-judicial trademark enforcement activities that unquestionably show a preparedness and willingness to attempt to enforce applied-for trademark rights under the intent-to-use provisions.

Defendant's Enforcement of Non-Existent Rights Against Crescent Hardwood Supply

95.     Defendant, throughout its Demand Letter, made multiple references to proprietary rights that do not exist in any regard.

96.     Defendant's pending application under Serial No. 86/928,390 for registration of the "KORLOK" mark is limited in scope under federal law.  The unregistered "KORLOK" mark is not used in commerce as required by Section 1 of the Lanham Act, 15 U.S.C. § 1051, for registration.

97.     Defendant is not a registrant of any "KORLOK" mark in connection with any goods or services, as Defendant is merely an applicant of a pending application under Serial No. 86/928,390 seeking registration thereof pursuant to Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b).

98.     Defendant claiming to be "the holder of the registered trademark Korlok," Ex. M, is woefully errant and a blatant misrepresentation, granted the lack of registration on the mark.

99.     The application process under Section 1 of the Lanham Act, 15 U.S.C. § 1051, does not confer the rights that Defendant attempts to enforce.

100.    Defendant's trademark rights to the unregistered "KORLOK" mark are non-existent under common law, as the "KORLOK" mark is not used in commerce by Defendant, which would be required for establishing said rights.

101.    Defendant claiming that the unregistered "KORLOK" mark is "trademarked under U.S. Patent and Trademark Office . . . classifications," Ex. N, is, again, woefully errant and a blatant misrepresentation, granted the absence of use in commerce.  Distinctive marks are colloquially deemed "trademarked" upon registration, not by mere application in the United States Patent and Trademark Office.

102.    Defendant lacks judicially enforceable rights under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, in relation to the unregistered "KORLOK" mark as pending under Serial No. 86/928,390. Defendant therefore lacks any legal remedy to enforce any alleged rights arising therefrom.

103.    Defendant lacks rights under state law to the unregistered "KORLOK" mark.  Defendant therefore lacks any legal remedy to enforce any alleged rights arising therefrom.

104.    Defendant lacks rights under common law to the unregistered "KORLOK" mark. Defendant therefore lacks any legal remedy to enforce any alleged rights arising therefrom.

<u>No Probability of Consumer Confusion</u>

105.    Crescent Hardwood Supply's CORELOCK Word Mark, and the use thereof, does not create a likelihood of confusion, mistake, or deception in the minds of potential customers as to the source, association, affiliation, sponsorship, endorsement, or any other false connection with Defendant or Defendant's goods.

106.    Crescent Hardwood Supply's CORELOCK Word Mark is dissimilar from Defendant's "KORLOK" mark in its entirety as to appearance, connotation, and commercial impression.

107.    It is significant to note that Defendant's marks intend to focus on the letter "K," as represented by the various K-Formative Marks (e.g., K-TRADE Word Mark), forming an impression on consumers around the letter "K" that is dissimilar from any commercial impression from the CORELOCK Word Mark.

108.    The actual similarity of the goods under each mark is indeterminable because the unregistered "KORLOK" mark is <u>not used</u> in commerce by Defendant in connection with any goods.

109.    Defendant <u>offers no goods</u> in commerce under the unregistered "KORLOK" mark, so it is improbable that the CORELOCK Products under the CORELOCK Word Mark are so similar to Defendant's goods to create confusion, mistake, or deception in the minds of potential customers as to the source, association, affiliation, sponsorship, endorsement, or any other false connection with Defendant.

110.    The identity of the retail outlets and purchasers of the goods under each mark are indeterminable because the unregistered "KORLOK" mark is <u>not used</u> in commerce by Defendant in connection with any goods.

111.    Defendant <u>offers no goods</u> in commerce under the unregistered "KORLOK" mark in retail outlets, directly to purchasers, or the like, so it is improbable that the identity of the retail outlets and purchasers of the goods under each mark may result in confusion, mistake, or deception in the minds of potential customers as to the source, association, affiliation, sponsorship, endorsement, or any other false connection with Defendant.

112.    The identity of the advertising media used for the goods under each mark is indeterminable because the unregistered "KORLOK" mark is <u>not used</u> in commerce by Defendant in connection with any goods.

113.    Defendant <u>offers no goods</u> in commerce under the unregistered "KORLOK" mark alongside any advertisement media, so it is improbable that the identity of the advertising media used for the goods under each mark may result in confusion, mistake, or deception in the minds of

potential customers as to the source, association, affiliation, sponsorship, endorsement, or any other false connection with Defendant.

114.    Crescent Hardwood Supply does not have any intent to trade on the "KORLOK" mark and any of its associated goodwill, because there is no goodwill associated with the unregistered "KORLOK" mark, as it has not been used in commerce.

115.    Crescent Hardwood Supply was and is creating its own goodwill, well before Defendant may establish any goodwill in its unregistered "KORLOK" mark.

116.    Crescent Hardwood Supply used its CORELOCK Word Mark before Defendant's filing of its application under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), for federal registration of the "KORLOK" mark under Serial No. 86/928,390, and the publication thereof in the Official Gazette.

117.    Any alleged and/or believed intention of Crescent Hardwood Supply to confuse or deceive the minds of potential customers as to the source, association, affiliation, sponsorship, endorsement, or any other false connection with Defendant is patently ridiculous.

118.    There is no actual confusion as to the source, association, affiliation, sponsorship, endorsement, or any other false connection, granted Defendant does not use the unregistered "KORLOK" mark in commerce.

119.    Potential purchasers of flooring typically exercise extreme care in their purchase, and are not to be confused, mistaken, or deceived as to the source, association, affiliation, sponsorship, endorsement, or any other false connection.

120.    None of the factors to determine likelihood of confusion weigh in favor of Defendant's broad contention.

121.    Crescent Hardwood Supply's CORELOCK Word Mark, and the use thereof, does not and cannot infringe Defendant's unregistered "KORLOK" mark.

122.    Crescent Hardwood Supply's CORELOCK Word Mark, and the use thereof, does not and cannot constitute unfair competition in any manner.

123.    Defendant was not damaged and is not likely to be damaged by the use and application for registration of Crescent Hardwood Supply's CORELOCK Word Mark.

Equitable Consideration

124.    Crescent Hardwood Supply's development, manufacture, market, and supply of its CORELOCK Products under its CORELOCK Word Mark represent a significant investment into said trademark that is currently challenged by Defendant.   Meanwhile, Defendant is willfully stalling its application under Serial No. 86/928,390 through the application process for registration. Accordingly, Crescent Hardwood Supply is entitled to equitable consideration to promptly resolve this matter.

Conclusion

125.    Defendant is asserting non-existent rights against Crescent Hardwood Supply in challenging the application for registration of Crescent Hardwood Supply's CORELOCK Word Mark and in asserting that Crescent Hardwood Supply's CORELOCK Word Mark, and the use thereof, constitute as an infringement of Defendant's unregistered "KORLOK" mark.

126.    Defendant's allegations and demands in the Demand Letter are groundless.

127.    Defendant's attempts to enforce its limited rights in the Demand Letter are well-beyond any reasonable interpretation of the scope of its actual rights.

128.    Defendant lacks any legitimate basis whatsoever, in fact or law, to assert its allegations and demands.

129.    Defendant's Demand Letter effectively demanded Crescent Hardwood Supply cease the development, manufacture, market, and supply of its CORELOCK Products.

130.    Crescent Hardwood Supply's legal rights are clearly adverse with the actual rights of Defendant.

131.    Defendant's actions place a cloud of fear, uncertainty, and doubt over Crescent Hardwood Supply's CORELOCK Products under the CORELOCK Word Mark.  Specifically, Defendant's allegations and demands resulted in undue harm to Crescent Hardwood Supply when the CORELOCK Word Mark does not infringe any registration of Defendant and is not confusingly similar to the "KORLOK" mark so as to prohibit registration.

132.    Defendant is effectively coercing Crescent Hardwood Supply into either abandoning its rights to the CORELOCK Word Mark or risking judicial and administrative challenges.

133.    Defendant's course of conduct will persist if unchecked, resulting in further harm and uncertainty.

134.    The cloud of fear, uncertainty, and doubt caused by Defendant's course of conduct will also persist absent a resolution of the claims of trademark infringement alleged by Defendant in its Demand Letter.

135.    This controversy is amenable to specific relief through a decree from this Court.

136.    Crescent Hardwood Supply additionally retains the right to assert affirmative defenses against Defendant.

## **FEDERAL CLAIMS**

### **Count I, Declaratory Judgment of Trademark Unenforceability**
### **28 U.S.C. §§ 2201(a), 2202**

137.    Crescent Hardwood Supply hereby re-alleges and incorporates by reference each and every preceding allegation contained in Paragraphs 1 through 136 hereof as if fully set forth herein.

138.    Crescent Hardwood Supply has a reasonable apprehension that Defendant will file a lawsuit against Crescent Hardwood Supply alleging claims that attempt to judicially enforce Defendant's "KORLOK" mark.

139.    Defendant does not hold any judicially enforceable rights to a "KORLOK" trademark under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, state law, or common law.  Defendant accordingly is not entitled to any lawful remedy.

140.    A declaratory judgment is both necessary and appropriate so that Crescent Hardwood Supply may ascertain its rights in the CORELOCK Word Mark in view of the broad assertions and contentions of the Defendant's Demand Letter.

141.    A substantial and continuing controversy of sufficient immediacy and reality exists, constituting as a valid and justiciable controversy between the parties that requires issuance of a declaratory judgment under 28 U.S.C. §§ 2201(a) and 2202, and FED. R. CIV. P. 57, that Defendant is not entitled to any lawful remedy in attempting to enforce its application under Serial No. 86/928,390, as filed under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b).

**Count II, Declaratory Judgment of Trademark Non-Infringement
28 U.S.C. §§ 2201(a), 2202**

142.    Crescent Hardwood Supply hereby re-alleges and incorporates by reference each and every preceding allegation contained in Paragraphs 1 through 141 hereof as if fully set forth herein.

143.    Crescent Hardwood Supply has a reasonable apprehension that Defendant will file a lawsuit against Crescent Hardwood Supply alleging infringement of Defendant's "KORLOK" mark.

144.    Crescent Hardwood Supply's CORELOCK Word Mark, and the use and application for registration thereof, does not infringe any valid trademark registration of Defendant.  Crescent Hardwood Supply accordingly does not violate Section 32 of the Lanham Act, 15 U.S.C. § 1114.

145.    A declaratory judgment is both necessary and appropriate so that Crescent Hardwood Supply may ascertain its rights in the CORELOCK Word Mark in view of the broad assertions and contentions of the Defendant's Demand Letter.

146.    A substantial and continuing controversy of sufficient immediacy and reality exists, constituting as a valid and justiciable controversy between the parties that requires issuance of a declaratory judgment under 28 U.S.C. §§ 2201(a) and 2202, and FED. R. CIV. P. 57, that Crescent Hardwood Supply's use and application for registration of the CORELOCK Word Mark is not an infringement of Defendant's "KORLOK" mark in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq*.

### Count III, Declaratory Judgment of Non-Violation of Unfair Competition Statutes 28 U.S.C. §§ 2201(a), 2202

147.    Crescent Hardwood Supply hereby re-alleges and incorporates by reference each and every preceding allegation contained in Paragraphs 1 through 146 hereof as if fully set forth herein.

148.    Crescent Hardwood Supply has a reasonable apprehension that Defendant will file a lawsuit against Crescent Hardwood Supply alleging unfair competition, including false designation of origin and/or false advertising, in relation to Defendant's "KORLOK" mark.

149.    Crescent Hardwood Supply's CORELOCK Word Mark, and the use and application for registration thereof, does not constitute as any form of unfair competition prohibited under federal, state, or common law.  Crescent Hardwood Supply accordingly does not violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(a), or any other analogous state statute or common law doctrine.

150.    A declaratory judgment is both necessary and appropriate so that Crescent Hardwood Supply may ascertain its rights in the CORELOCK Word Mark in view of the broad assertions and contentions of the Defendant's Demand Letter.

151.    A substantial and continuing controversy of sufficient immediacy and reality exists, constituting as a valid and justiciable controversy between the parties that requires issuance of a declaratory judgment under 28 U.S.C. §§ 2201(a) and 2202, and FED. R. CIV. P. 57, that Crescent Hardwood Supply's use of the CORELOCK Word Mark does not constitute as any form of unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, or any other analogous state statute or common law doctrine.

### Count IV, Declaratory Judgment of a Valid Trademark Entitled to Registration 28 U.S.C. §§ 2201(a), 2202

152.    Crescent Hardwood Supply hereby re-alleges and incorporates by reference each and every preceding allegation contained in Paragraphs 1 through 151 hereof as if fully set forth herein.

153.    Crescent Hardwood Supply has a reasonable apprehension that Defendant will file an Opposition in the United States Patent and Trademark Office before the Trademark Trial and Appeal Board against Crescent Hardwood Supply, requesting the Board to deny Crescent Hardwood Supply's registration of its CORELOCK Word Mark on the basis of likelihood of confusion under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), and/or challenging the validity of said mark.

154.    Crescent Hardwood Supply's CORELOCK Word Mark is a valid trademark entitled to registration in the United States Patent and Trademark Office pursuant to the Lanham Act as no substantive bar to registration exists, including the basis of likelihood of confusion prohibiting registration under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), with any prior registration or application for registration by Defendant.  Crescent Hardwood Supply's CORELOCK Word Mark is accordingly entitled to registration in view of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

155.     A declaratory judgment is both necessary and appropriate so that Crescent Hardwood Supply may ascertain its rights in the CORELOCK Word Mark in view of the broad assertions and contentions of the Defendant's Demand Letter.

156.     A substantial and continuing controversy of sufficient immediacy and reality exists, constituting as a valid and justiciable controversy between the parties that requires issuance of a declaratory judgment under 28 U.S.C. §§ 2201(a) and 2202, and FED. R. CIV. P. 57, that Crescent Hardwood Supply's use of the CORELOCK Word Mark is entitled to registration in view of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052.

## PRAYER FOR RELIEF

WHEREFORE, Crescent Hardwood Supply respectfully requests that this Court enter judgment in its favor and against Defendant on all claims for relief asserted herein, as follows:

A.     Declaring that Defendant is not entitled to any judicial remedy in attempting to enforce its application under Serial No. No. 86/928,390, as filed under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b);

B.     Declaring that Crescent Hardwood Supply's use and application for registration of the CORELOCK Word Mark is not in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

C.     Declaring that Crescent Hardwood Supply's use and application for registration of the CORELOCK Word Mark is not in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

D.     Declaring that Crescent Hardwood Supply's application for registration of the CORELOCK Word Mark is not barred from registration on the basis of likelihood of confusion under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d);

E.      Declaring this is an exceptional case under the Lanham Act, necessitating the award of reasonable attorneys' fees, costs, and expenses in this action;

F.      Permanently enjoining Defendants and its officers, directors, employees, servants, agents, affiliates, attorneys, and all others acting in privity or in concert with it, and its parents, subsidiaries, divisions, successors and assigns, from asserting, including filing or prosecuting any civil action, or threatening to assert any charge of infringement or unfair competition against Crescent Hardwood Supply in relation to its use or registration of the CORELOCK Word Mark;

G.      Preliminary and permanently enjoining Defendants and its officers, directors, employees, servants, agents, affiliates, attorneys, and all others acting in privity or in concert with it, and its parents, subsidiaries, divisions, successors and assigns, from opposing or threatening to oppose the registration of the CORELOCK Word Mark in the United States Patent and Trademark Office before the Trademark Trial and Appeal Board;

H.      Ordering the payment of attorneys' fees;

I.      Ordering the payment of costs;

J.      Ordering the payment of expenses;

K.      Ordering the payment of interest; and

L.      Granting Crescent Hardwood Supply such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 14, 2017

/s./ *Thomas S. Keaty*

Thomas S. Keaty – 7666, T.A.
Keaty Law Firm
365 Canal Street, Suite 2410
New Orleans, Louisiana 70130
Tel.: (504) 524-2100
Fax: (504) 524-2105
tskeaty@keatypatentfirm.com

*Attorney for Plaintiff Crescent*
*Hardwood Supply, Inc.*